RILEY, Judge,
dissenting.
I respectfully concur in part and dissent in part. While I agree with the majority that the State’s procedure for impeaching the witness might have been improper, the error was harmless. Though no direct evidence was presented at trial, I find that there was enough circumstantial evidence to prove Herron committed the offenses.
It is well established that “circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt.” Pratt v. State, 744 N.E.2d 434, 437 (Ind.2001). Tebo testified at trial that she worked at Earl’s on the night of the burglary and that she texted Herron while she was on duty. Tebo also testified that after getting off from work that night, she met with Herron at her residence, and he put two bags in the car. When Tebo met with Marshal Flahive on May 22, 2012, she implicated Herron to the burglary and thereafter a search warrant was issued. During their search of Herron’s residence, the officers found several gloves and one of the gloves matched the photographic imprint taken at the Beever’s residence. Lastly, Marshal Flahive testified at trial that one of the gloves found at Herron’s residence had letters on the back that matched the glove imprint found on the opened patio door at Beever’s residence.
As such, it is only proper to conclude that the jury might have reasonably inferred from the evidence presented at trial that: Tebo texted Herron that night stating Beever was at the restaurant having dinner, hence her house was unoccupied; the gloves found at Herron’s residence were used to break and enter into the Beever’s residence; and that two bags Herron put in his car that night, might have contained stolen items from Beever’s residence. Thus, I conclude that sufficient evidence of probative value exists from which the jury could have found Herron guilty beyond a reasonable doubt of burglary and receiving stolen property. Moreover, I find that even though the evidence was wholly circumstantial, I presume that the jury followed the trial court’s instructions, and only considered the circumstantial evidence.
Lastly, I disagree with the majority’s argument that the State knew that Tebo was going to recant her prior out-of-court written statement, thus making her an invaluable witness. The record shows that Tebo was a valuable witness even if determined to recant her written statement. I *560 therefore agree with the State’s argument that had the State not called Tebo as a witness, the jury would have wondered why such a valuable witness was being kept away from the stand. See Impson v. State, 721 N.E.2d 1275, 1282 (Ind.Ct.App.2000). For these reasons, I find that the trial court did not abuse its discretion in permitting the State to call Tebo as a witness.